M. L. CRAWFORD ET AL. *v.* S. L. BONNER, EX'R, ET AL.

*(Case No. 3846.)*

1. MORTGAGE — CONSTRUCTION.— A mortgagor, to secure an antecedent debt, executed a mortgage on all his lands "unappropriated" in the Abner Lee survey. When the mortgage was executed, it appeared from the records of the county, that the mortgagor owned of said survey seventeen hundred and ninety-two and 61-100 acres, but he had prior thereto conveyed all of said survey by deed not then registered, except one hundred and fifty acres. In a contest between the purchaser under the mortgage and the owner of the interest conveyed in the unrecorded deed, there being no allegation of mistake, or showing a right to reform the mortgage as against third parties, *held*, that the purchaser under the mortgage acquired title to the one hundred and fifty acres only.

APPEAL from Collin. Tried below before the Hon. Joseph Bledsoe.

On the first day of March, 1876, M. L. Crawford filed his petition in the district court of Collin county, against W. E. Bonner and M. J. P. and W. C. Sickles, seeking to recover certain lands therein described, and set out his claim of title

from B. W. Musgrove, through a deed of trust and sale by order of the district court for probate matters.   The petition alleged " that by said deed of trust or mortgage, said Musgrove conveyed all of his interest then unappropriated, in full or in part, to a survey of land in Collin county, containing two-thirds of a league and labor, the same being the headright of Abner Lee. Also charged that appellees claimed title to the land through B. W. Musgrove, by deeds dated prior to the execution of said mortgage or deed of trust, not recorded, however, until after said deeds of trust or mortgage was recorded, and that plaintiff had no notice of the prior deeds.

M. L. Crawford, joined by the other appellants, by leave of the court, filed an amended petition, setting up the execution of the deed of trust to secure the payment of a pre-existing note for two thousand eight hundred and sixty-five dollars; that afterwards, suit was filed in the district court of Hopkins county on said note and judgment obtained against B. W. Musgrove, who had subsequently died.   It was alleged that judgment remained unpaid, and petition prayed for a decree foreclosing mortgage to pay said judgment.

W. E. Bonner died, and S. L. Bonner, his executor, was made a party to the suit.   Defendants filed special demurrer, assigning ten grounds, all of which were sustained except fifth and tenth.   Plaintiffs declining to amend, the petition was dismissed, and plaintiffs appealed.

The material allegations of the petition were substantially as follows, viz.: That one B. W. Musgrove originally owned the Abner Lee headright survey of land in Collin county of two-thirds of a league and labor, and that on the 5th day of September, A. D. 1859, being indebted to M. L. Crawford, one of the appellants, by note in the sum of two thousand eight hundred and sixty-five dollars, Musgrove, for the purpose of securing the payment of the same, executed on that date to Crawford his mortgage, with power to make sale and execute deeds with warranty of all the unsold balance of the Abner Lee survey upon default in the payment of the note, without describing

said land any more particularly than this: that the mortgage was duly recorded soon after its execution in Collin county, and at that time it appeared from the record of deeds in said county, that Musgrove then owned of that survey seventeen hundred and ninety-two and 61-100 acres. It was further alleged that at the time of the execution of the mortgage, Musgrove represented to Crawford that he then owned about eighteen hundred acres of land in the survey; that Crawford relied upon the representations of Musgrove as to the quantity of land owned by him; that Crawford had no notice or knowledge, actual or constructive, at that time nor until several years thereafter, that any person except Musgrove claimed any of the land sued for; that deeds from Musgrove, to divers persons, embracing all the lands except the land here sued for, were on record at the date of the execution of said mortgage; that it turned out in fact that Musgrove had sold and conveyed, in all, sixteen hundred and forty acres of the land sued for in this suit, by deeds of prior date to Crawford's mortgage, to persons under whom defendants claim title; but the deeds were not recorded until long after the mortgage to Crawford had been recorded; that M. L. Crawford, Sarah E. Crawford, Charles W. Mores and Margaret Mores instituted suit on the note in the district court of Hopkins county, and obtained judgment for the principal, interest and costs; that afterwards Musgrove departed this life, and W. H. Christian was appointed his administrator; that a copy of that judgment and mortgage was presented to the administrator, allowed by him as a valid claim against the estate, and approved by the proper court; that afterwards, on the 29th day of June, A. D. 1872, the court ordered the land described in the mortgage, or so much thereof as might be necessary, to be sold to pay off the judgment and mortgage; that in pursuance of that order the land sued for in this suit was sold, purchased by M. L. Crawford, the sale duly confirmed by the court, and deed for same executed by the administrator to Crawford.

*Richard Maltbie* for appellants.

I. When a creditor with a mortgage upon land has it recorded without having any notice, actual or constructive, that third parties have a claim to said land, he thereby acquired a lien on it as against the mortgagor and those claiming under him. Pasch. Dig. of Laws, 835, arts. 4985, 4986; also id., 836, art. 4988.

II. Where a mortgagee of land, having notice that third parties claim said land under the mortgagor, forecloses his mortgage without making such third persons parties to the foreclosure proceedings, in a suit against them to recover the land, their only right is either to show the invalidity of the mortgage or pay off the debt. 2 Jones on Mortgages, sec. 1395; Cutter *v.* Jones, 52 Ill., 84, cited in U. S. Digest, vol. 2, new series, p. 485, sec. 85; Porter *v.* Kilgore, 32 Iowa, 379, cited in U. S. Digest, new series, vol. 3, p. 455, sec. 72.

III. Where a creditor has no actual nor constructive notice that his debtor has conveyed land that appears from the proper records to belong to him, and the debtor represents that said land still belongs to him, and it so appears from an examination of the records, and the creditor thereupon takes a mortgage on said land and has it duly recorded, he acquires a lien thereon as against the mortgagor and those claiming under him through unregistered deeds.

IV. The owners of a judgment and mortgage, where the judgment has been rendered upon a note and mortgage upon land given to secure the payment, have the right, in case their debt cannot be satisfied from any other source, to have the land decreed to be sold for the satisfaction thereof as against persons claiming said lands under deeds from the mortgagor of prior date to said mortgage that have not been registered. See Pasch. Dig., p. 836, art. 4988; Ayres *v.* Duprey, 27 Tex., 606–8; Grace *v.* Wade, 45 Tex., 522 *et seq.;* Grimes *v.* Hobson, 46 Tex., 416.

*Throckmorton, Brown & Bro.* for appellees.

I. The mortgagor, Musgrove, having sold the land in his lifetime, the district court of Wood county, for probate business, had no jurisdiction to order the sale of the land under the mortgage. No title passed by the sale. Schmeltz *v.* Garey, 49 Tex., 49; Poland *v.* Davenport, Tex. L. J., No. 69, p. 293; Lockhart *v.* Ward, Dewey & Co., 45 Tex., 227.

II. M. L. Crawford, as mortgagee, held as a purchaser and not as a creditor, and his rights are to be governed by the rules applicable to subsequent purchasers. Jones on Mortgages, sec. 458; Porter *v.* Green, 4 Iowa, 571; Seevers *v.* Delashmutt, 11 Iowa, 174; Peerce *v.* Fannee, 47 Me., 507; Martin *v.* Jackson, 27 Pa., 504; Martin *v.* Dryden, 1 Gil. (Ill.), 187–215; Brown *v.* Tuthill, 1 G. Greene (Iowa), 193.

III. The mortgage from Musgrove to Crawford, being given to secure an antecedent debt due from Musgrove, Crawford was not a purchaser *bona fide* for a valuable consideration, and took subject to the prior unregistered deeds of appellees, although he had no actual or constructive notice. Pasch. Dig., art. 4988; Spurlock *v.* Sullivan, 36 Tex., 516; Hutchison *v.* Chapman, 37 Tex., 615; Ayres *v.* Duprey, 27 Tex., 593; Manhattan Co. *v.* Evertson, 6 Paige (N. Y.), 457; Jones on Mortgages, sec. 458; Dickerson *v.* Tillinghast, 4 Paige (N. Y.), 220.

IV. Appellees not having been parties to the suit in which judgment sued upon was rendered, they are not bound by it. Morrow *v.* Morgan, 40 Tex., 304; Byler *v.* Johnson, 44 Tex., 517; Schmeltz *v.* Garey, 49 Tex., 49.

V. The mortgage from Musgrove to Crawford was for the interest of Musgrove in the Abner Lee survey unappropriated at that time, and there being one hundred and fifty acres unappropriated, the mortgage attaches to no more. Burleson *v.* Burleson, 28 Tex., 414; Brown *v.* Jackson, 3 Wheat., 457.

GOULD, ASSOCIATE JUSTICE.— It is claimed on behalf of appellants, that their petition showed that they had a mortgage lien on that part of the Abner Lee survey of which Mus-

grove, at the time he gave the mortgage, appeared from the records of deeds to be the owner.

Their petition alleged the execution, in September, 1859, by B. W. Musgrove, of a mortgage to M. L. Crawford "on all the unappropriated balance of the Abner Lee headright of two-thirds of a league and labor of land in Collin county." The further averments of the petition bearing on this question are thus stated in the brief of appellants: "From the record of deeds of said county, it then appeared that said Musgrove owned of said survey seventeen hundred and ninety-two and sixty-one one-hundredths acres, and he also represented to said Crawford that he then owned of said survey eighteen hundred acres — Crawford having no notice or knowledge to the contrary. In fact, at that time said Musgrove only owned one hundred and fifty acres in said survey, worth not exceeding three dollars per acre. Defendants holding sixteen hundred and forty acres under deeds of prior date to said mortgage; but said deeds had never been registered. And said mortgage was for the unappropriated balance of said survey, and authorized said Crawford, upon default in the payment of said note, to sell the same and make deeds with general warranty to the purchasers."

The court sustained exceptions to this petition seeking to subject to the mortgage the land before conveyed by Musgrove and held by defendants. One of the grounds of exception taken and sustained, being, that it appeared "from said petition that the mortgage was given upon the land unappropriated in said survey, and the land in controversy had already been conveyed." Our opinion is that this ground of exception was properly sustained. The mortgage is not set out further than has been stated. In its terms it applied only to the unappropriated part of the survey, and not to that part of the survey theretofore appropriated by sale. As described in the petition, the mortgage itself does not contain any terms admitting of the construction that it applied to all of the survey appearing by the records to be unappropriated.

The averments of the state of the records and the represen-
tations of Musgrove, are insufficient to admit of parol evidence
to vary the terms of the mortgage. The petition contains no
allegation of mistake in the language of the mortgage, nor
does it seek to reform that instrument or state a case showing
a right to have it reformed as against third parties. The court
below was left to construe the mortgage according to the
meaning of the words used by the parties, and the circum-
stances alleged were insufficient to justify a construction which
is substantially adding to the terms of the instrument. By
construing the language of the mortgage, it must be held to
apply to the one hundred and fifty acres of the survey then
unappropriated, and not to land which had been theretofore
appropriated and sold.

This conclusion renders it unnecessary to inquire whether
the exceptions to the petition on other grounds were rightly
sustained or not.

AFFIRMED.

[Opinion delivered April 13, 1880, at Austin.]